**SO ORDERED.**

**SIGNED this 25 day of March, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

**IN RE:**

| | |
|---|---|
| **RODNEY POLICARPO DESPAIGNE and JAMAYE RENEE DESPAIGNE,** | **CASE NO. 09-04255-8-JRL** |
| | **Chapter 7** |
| Debtors. | |
| | |
| **JAMES B. ANGELL, Trustee,** | **ADVERSARY PROCEEDING NO. 10-00045-8-JRL** |
| Plaintiff, | |
| v. | |
| **FIRST SOUTH BANK, et al.,** | |
| Defendant. | |

## ORDER

This matter is before the court on the parties' respective motions for summary judgment. On February 1, 2011, the court conducted a hearing on this matter in Raleigh, North Carolina.

### MATERIAL UNDISPUTED FACTS

1. The debtors, Rodney Policarpo Despaigne and Jamaye Despaigne, filed for relief under

chapter 7 of the Bankruptcy Code on July 13, 2009. James B. Angell was appointed trustee for the debtors.

2. At the time of the petition, the debtors were the record owners of real property located in Wilmington, North Carolina. The real property is defined by the following metes and bounds description:

Tract One:  BEGINNING at a point in the Eastern line of Brown's Alley, Thirty (30) feet Southwardly as measured at right angles from the Southern line of Nixon Street; running thence Eastwardly and parallel with Nixon Street, Seventy five (75) feet; thence Southwardly and parallel with Brown's Alley; Twenty one feet; thence Westwardly and parallel with Nixon Street, Seventy five (75) feet to the Eastern line of Brown's Alley; thence Northwardly and with the Eastern line of Brown's Alley, Twenty one (21) feet to the point of beginning; the same being part of Lot 1 in Block 324, according to the official plan of the City of Wilmington and being part of the property conveyed to R.C. Sloan by deed recorded in Book 520 at Page 139 in the Registry of New Hanover County. And being the same property conveyed to Eliza Banks by R.C. Sloan recorded in Book 520 at Page 865 of the New Hanover County Registry. And the same property conveyed to Johnnie Pompey in Book 809 at Page 865 of the New Hanover County Registry. This conveyance is made subject to any easements of covenants of record.

Tract Two: BEGINNING at a point in the southern line of Nixon Street one hundred five (105) feet west from its intersection with the western line of Sixth Street, and running thence westwardly along said southern line of Nixon Street, forty-five (45) feet to the eastern line of Brown Street; thence southwardly along said eastern line of Brown Street and parallel with Sixth Street, thirty (30) feet; thence eastwardly and parallel with Nixon Street, forty-five (45) feet; and thence northwardly and parallel with Sixty Street thirty (30) feet, to the southern line of Nixon Street, the point of Beginning, the same being a part of Lot #1 Block 324, according to the official plan of the city of Wilmington, North Carolina.

3. On November 30, 2007, tract one was acquired by general warranty deed (the "first deed").  The first deed was properly recorded. The associated tax identification number for tract one is R04809-020-001-000.

4. On December 4, 2007, the debtors executed a deed of trust for tract one in favor of First South Bank ("First South").  The deed of trust describes the real property

  as 512 Nixon Street and attaches the metes and bounds description for tract one.

5. On December 17, 2007, tract two was acquired by a recorded deed of correction. The associated tax identification number for tract two is R04809-020-002-000.

6. Tract two shares a common property line with tract one and is located between tract one and Nixon Street.

7. On January 15, 2008, the debtors conveyed tract one and tract two to themselves in order to merge the separate properties for tax purposes. This self-conveyance was properly recorded on January 17, 2008 (the "second deed"). No correction to the first deed of trust was recorded following the execution and recording of the second deed. The resulting tax identification number for the combined tract is R04809-020-001-000.

8. The real property contains a two story structure resting across the dividing line between the two tracts. Approximately one-third of the structure is on tract one and two-thirds of the structure is on tract two. The structure has been in existence as described since the 1960s.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

## DISCUSSION

The appropriate portion of property encumbered under the deed of trust in favor of First South is in dispute. The defendant contends that the deed of trust encumbers both tracts, whereas the plaintiff contends only the first tract is encumbered. Arguments for the existence of a patent or latent ambiguity and constructive notice are considered, but ultimately are irrelevant due to basic principles of property law derived from the recording statutes.

Much is made regarding the distinction between a latent ambiguity and patent ambiguity regarding the property described in the deeds. North Carolina law instructs that a patent ambiguity exists when, after examining a deed of trust, it is unclear which property is encumbered and the uncertainty cannot be reduced to a certainty by referring to something referenced within the deed. Duckett v. Lyda, 223 N.C. 356, 358 (1943). Parole evidence is inadmissible to cure a patent ambiguity. Overton v. Boyce, 289 N.C. 291, 293 (1976). On the other hand, if the property can be identified by that which is referenced within the deed of trust, the ambiguity is latent. Lane v. Coe, 262 N.C. 8, 13 (1964). Where the ambiguity is latent, parole evidence is admissible. A description is sufficient if the deed of trust, or something extrinsic referenced therein, enables the land to be identified with certainty. Overton, 289 N.C. at

293. In the facts of this case, the only ambiguous description – the reference to the street address of 512 Nixon Street in the deed of trust – is not sufficient to cast any doubt on the legal description of the property conveyed.[1]  Furthermore, the court does not reach a determination as to which form of ambiguity, if any, exists because the recording statutes dictate the outcome.

     N.C. Gen. Stat. §47-20 codifies North Carolina's standing as a pure race jurisdiction. This holds that "[n]o deed of trust or mortgage of real or personal property … shall be valid to pass any property as against lien creditors or purchasers for a valuable consideration from the grantor, mortgagor or conditional sales vendee, but from the time of registration thereof." N.C. Gen Stat. §47-20(a) (2007).  The purpose of North Carolina's recording statute is to enable purchasers or encumbrancers to rely with safety on the public record concerning the status of land titles. See Chandler v. Cameron, 229 N.C. 62, 47 S.E.2d 528 (1948).  Out of necessity, recording statutes limit the amount of searching required of purchasers and encumbrancers to gain protected status – "[t]he law contemplates that a purchaser of land will examine each recorded deed and other instrument in his chain of title and charges him with notice of every fact affecting his title which an accurate examination of the title would disclose." Chrysler Credit Corp. v. Burton, 599 F. Supp. 1313, 1318 (M.D.N.C. 1984) (citing Hensley v. Ramsey, 283 N.C. 714, 715, 199 S.E.2d 1, 2 (1973)).  A purchaser is put on notice of any fact or circumstance

---

[1] In re Walker, 03-13204C-7G, 2007 WL 1575062 (Bankr. M.D.N.C. Apr. 27, 2007) holds that reliance upon a street address as a legally sufficient form of identification in a deed. The case at hand is distinguishable from Walker and other law in that a street address is an acceptable identifier if it serves as the only description in the conveying document and where the local ordinances permit its use as such.

affecting his title which is reasonably disclosed by the instruments in his line of title. Id., (citing Turner v. Glenn, 220 N.C. 620, 18 S.E.2d 197 (1942)).

The public record in this case reflects that the debtors did not own tract two at the time the deed of trust was executed. On November 30, 2007, the debtors acquired tract one by general warranty deed. On December 4, 2007, the debtors executed a deed of trust in favor of First South. The deed of trust describes the real property as Pt Lot 1 Block 324 of 512 Nixon Street and attaches the metes and bounds description for tract one. Tract two was not acquired by the debtors until the subsequent deed of correction, which was recorded on December 17, 2007. Subsequently, on January 15, 2008, the debtors conveyed tract one and tract two to themselves. This self-conveyance was properly recorded on January 17, 2008. At the time of the execution of the deed of trust to First South, a title search would show nothing beyond the debtor's acquisition and ownership of the first deed for tract one. Therefore, as the trustee argues, the conveyance of the deed of trust to First South cannot operate as a lien on property subsequently conveyed to the debtors, i.e., tract two.

Based on a review of the chain of title at the time the deed of trust was executed, First South could only obtain an interest in tract one as described in the recorded first deed. Exhibit A attached to the deed of trust contains the legal description of the property, and serves to identify the exact property securing First South's interest. Exhibit A's provided description mirrors the legal description of tract one. The ability for First South to encumber tract two would not have been available until December 17, 2008, when the debtors acquired it. Exhibit A does not include the description for tract two, and likewise does not serve to encumber tract two in favor of First South. Although the same attorney drafted both deeds and the deed of trust, the

court is not in the position to attempt the baffling reconciliation as to why the closing attorney thought a corrective deed was necessary but not a corrective deed of trust.

The defendant alternatively argued that the trustee is charged with constructive notice of the encumbrance. Despite this contention, the recording statute prevails. "[R]egistration is the one and only means of giving notice of an instrument affecting title to real estate." Massachusetts Bonding & Insurance Co. v. Knox., 220 N.C. 725, 729, 18 S.E.2d. 436, 440 (1942). This result is supported by the recent decision of the North Carolina Court of Appeals in Fifth Third Mortg. Co. v. Miller, 690 S.E.2d 7 (N.C. App. 2010). Fifth Third soundly reiterated that a faulty legal description imparts no notice under our recordation statutes. Id. (citing Lowery v. Wilson, 214 N.C. 800, 805, 200 S.E. 861, 864 (1939)). Therefore, the only constructive notice imparted to the trustee at the time of petition was failure to correct the deed of trust.

Ultimately, the long-standing principle of property law remains that you cannot convey that which you do not own. In upholding this principle, the recording statutes serve to assist parties with certainty of title. It is clear from the record that the property encumbered by the deed of trust is limited to tract one – the property owned by the debtors upon execution. A subsequent deed of correction concerning property does not automatically correct a mortgagee's interest.[2]

Based on the foregoing, plaintiff's motion for summary judgment is GRANTED. The

---

[2]The court does not quarrel with expert Dan Martin's opinion that a title search performed on the date of the bankruptcy petition would demonstrate a confusing and ambiguous transaction suggesting that the parties may have intended to encumber both tracts. However, the court's decision is not based upon the results that a careful title examiner would report in his opinion on title, but rather the legal conclusion as to the property actually transferred by law at the time of the conveyance.

defendant's motion for summary judgment is DENIED. First South's deed of trust encumbers only the property described as tract one in Finding of Fact #2.

**END OF DOCUMENT**